JACKSON ET AL., APPELLANTS, *v.* CLAXTON, D.B.A.
GUERNSEY COUNTY MEMORY GARDENS, APPELLEE.

[Cite as Jackson v. Claxton (1980), 61 Ohio St. 2d 283.]

(No. 79-702—Decided February 27, 1980.)

*Messrs. Gingher & Christensen, Mr. Bradley Hummel,
Mr. Daniel G. Hale, Mr. Robert M. Taylor, Messrs. Grantisas
& Tingle* and *Mr. Lewis S. Tingle,* for appellants.

*Messrs. Ellwood & Brown* and *Mr. David A. Ellwood,* for
appellee.

WILLIAM B. BROWN, J. The sole issue is whether R. C.
1721.03 applies to a cemetery owned and operated by an individual.

R. C. 1721.03 provides, in pertinent part:

"Land shall not be appropriated, nor shall a cemetery be
located, by an association incorporated for cemetery purposes or by a benevolent or religious society, within one hundred yards of a dwelling house, unless the owner of such
dwelling house gives his consent, or unless the entire tract
appropriated is a necessary addition to or enlargement of a
cemetery already in use.***"

The statute refers to "an association incorporated for
cemetery purposes" and to "a benevolent or religious
society," but does not refer to individuals. Based on the maxim of statutory interpretation, *expressio unius est exclusio*

*alterius,* we conclude that R. C. 1721.03 does not apply to individuals. Any amendment to the statute must be made by the General Assembly.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.